1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | CORPORATION OF THE CATHOLIC ARCHBISHOP OF SEATTLE,

CASE NO. C15-175 MJP

11 |            Plaintiff,

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

12 |      v.

13

14 | ARROWOOD INDEMNITY COMPANY, et al.,

15 |            Defendants.

16

17       THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment.

18 (Dkt. No. 9.) Having considered the Parties' briefing and all related papers, the Court GRANTS

19 Defendants' Motion as to all of Plaintiff's claims and GRANTS in part and DENIES in part the

20 Motion as to Defendants' counterclaims.

21                       **Background**

22       Plaintiff Corporation of the Catholic Archbishop of Seattle ("the Archdiocese") brings

23 this declaratory judgment action against Defendants Arrowood Indemnity Company and Royal-

24 Globe Indemnity Insurance Companies asserting that it is entitled to coverage for a damages

claim made against it by D.B.  (Dkt. No. 1-2.)  Plaintiff asserts that under the applicable

insurance policy or policies, Defendants had a duty to defend and indemnify Plaintiff against

D.B.'s claim that Father John Marsh sexually abused him as a child at St. Matthew's Parish in

Seattle sometime between 1964 and 1966.  (Id.)  Plaintiff asserts that Defendants breached their

duties under the applicable policy, and also brings claims for bad faith and violations of the

Washington Insurance Fair Conduct Act and the Washington Consumer Protection Act.  (Id.)

Defendants deny Plaintiff's allegations and assert counterclaims for declaratory relief that

the Archdiocese cannot prove the existence or material terms of any applicable insurance policy,

and that Defendants had no duty to defend or indemnify the Archdiocese for D.B.'s allegations

under any purportedly applicable policy.  (Dkt. No. 4.)

Defendants now move for summary judgment on all of Plaintiff's claims, as well as on

their two counterclaims, arguing (1) that Plaintiff cannot prove the existence or material terms of

the alleged insurance policy or policies, (2) that there can be no duty to defend because no "suit"

was ever filed against the Archdiocese, and (3) that D.B.'s claim included only allegations of

intentional conduct, and therefore the claim contained no allegation of an "occurrence" that

could potentially be covered under any allegedly applicable insurance policy.  (Dkt. No. 9.)

Plaintiff opposes the motion.  (Dkt. No. 24.)

**Discussion**

I.      Legal Standard

        A.      Summary Judgment

Summary judgment is proper where "the movant shows that there is no genuine issue as

to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue

of fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In assessing whether a party has met

1    its burden, the underlying evidence must be viewed in the light most favorable to the non-

2    moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

3         II.     No Duty to Defend or Indemnify

4         The Court finds that genuine issues of material fact preclude summary judgment as to the

5    existence of the insurance policy.  Plaintiff has produced sufficient evidence that an insurance

6    policy was issued and contained certain terms to foreclose summary judgment on that basis.

7    (See Dkt. Nos. 10, 20, 21, 22, 23.)

8         While Defendants are not entitled to summary judgment on the basis that the Archdiocese

9    cannot prove the existence or terms of an applicable insurance policy, the Court finds that

10   Defendants are nevertheless entitled to summary judgment on Plaintiff's claims because there

11   was no duty to defend or to indemnify Plaintiff as to D.B.'s allegations under the policy language

12   put forward by the Archdiocese.  Viewing the facts in the light most favorable to Plaintiff,

13   Defendants are entitled to summary judgment because the Archdiocese's policy language does

14   not establish potential coverage for the intentional sexual abuse of a child.

15        The Parties agree that, assuming the existence of a policy, the applicable language limits

16   coverage to damages caused by an "occurrence," and that "occurrence" is defined by the policy

17   to mean an "accident."  (Dkt. Nos. 9 at 17, 24 at 14-15, 25 at 14-15.)  Under Washington law, an

18   accident is an unusual, unexpected, and unforeseen happening; an accident is never present when

19   a deliberate act is performed unless some additional unexpected, independent and unforeseen

20   happening occurs which produces or brings about the result of injury or death.  Pac. Ins. Co. v.

21   Catholic Bishop of Spokane, 450 F. Supp. 2d 1186, 1198 (E.D. Wash. 2006) (citing Grange Ins.

22   Co. v. Brosseau, 113 Wn.2d 91, 95 (1989)).  The means as well as the result must be unforeseen,

23   involuntary, unexpected and unusual.  Id.  Consequently, Washington courts hold that sexual

24

1   abuse and sexual assault are not accidents, and will infer the intent to inflict harm as a matter of

2   law, regardless of the abuser's actual subjective intent.  See Catholic Bishop of Spokane, 450 F.

3   Supp. 2d at 1198-99 (collecting cases).  Therefore, a claim consisting of allegations of the

4   intentional sexual abuse of a child is clearly not covered under the allegedly applicable policy

5   put forward by the Archdiocese, and Defendants' duty to defend was not triggered.  See Woo v.

6   Fireman's Fund Ins. Co., 161 Wn.2d 43, 52-53 (2007).

7          Plaintiff argues that because "occurrence" is defined to mean "an accident . . . neither

8   expected nor intended from the standpoint of the insured," coverage is not precluded because the

9   Archdiocese itself, as the insured, did not commit any intentional wrongful act and therefore the

10  abuse was an "accident" from the Archdiocese's perspective.  (Dkt. No. 24 at 15.)  This

11  argument is unavailing.  The claim made against the Archdiocese was for vicarious liability for

12  Father Marsh's intentional sexual abuse.  (Dkt. Nos. 1-2, 10, 10-6, 21-1.)  No claim was made by

13  D.B. against the Archdiocese for negligent supervision, negligent hiring, or any other type of

14  independent negligence by the Archdiocese.  (Id.)  Intentional sexual abuse, as opposed to

15  negligent supervision, does not constitute an "occurrence" because it is not accidental.

16         Plaintiff argues that even if D.B.'s allegations did not present a covered claim, they at

17  least presented a potentially covered claim because, had the dispute progressed to litigation, D.B.

18  likely would have included numerous theories of liability beyond vicarious liability, including

19  negligence by the Archdiocese.  (Dkt. No. 24 at 14-15.)  Plaintiff argues that although no

20  complaint had been filed, Defendants' failure to give the Archdiocese the benefit of the doubt

21  when making its pre-litigation defense decision constitutes bad faith as a matter of law and

22  triggers coverage by estoppel.  (Id.)  The Court disagrees.  If and when additional claims were

23  asserted against the Archdiocese, and if and when additional facts supporting potential

24

1  negligence liability were put forward, the duty to defend would be triggered.  However,

2  Defendants' decision not to defend a claim of intentional sexual abuse, at the time it was made,

3  was reasonable because as discussed above, the intentional sexual abuse of a child is not an

4  "accident" under Washington law and there was no potential for coverage of D.B.'s claim as

5  stated.  Plaintiff's evidence does not establish that the duty to defend was triggered or that

6  Defendants failed to conduct a reasonable investigation into the existence of applicable policies.

7         Having found that D.B.'s allegations of intentional sexual abuse were not potentially

8  covered under any applicable insurance policy and that no duty to defend was triggered, the

9  Court does not reach Defendants' argument that the duty to defend was not triggered because no

10  "suit" was filed against the Archdiocese within the meaning of the policy.  The Court GRANTS

11  Defendants' motion for summary judgment as to all of Plaintiff's claims, as well as on

12  Defendants' counterclaim as to the duty to defend and indemnify.  However, because the

13  Archdiocese has presented sufficient evidence for a reasonable fact finder to conclude that an

14  insurance policy existed, and what the material terms of that policy were, the Court DENIES

15  Defendants' motion for summary judgment on their counterclaim as to the existence of an

16  applicable insurance policy.

17                                  **Conclusion**

18         The Court GRANTS Defendants' motion for summary judgment on all of Plaintiff's

19  claims because D.B.'s allegations of the intentional sexual abuse of a child did not present a

20  potentially covered claim, and therefore did not give rise to a duty to defend or indemnify.  The

21  Court DENIES Defendants' motion for summary judgment as to the existence of an applicable

22  insurance policy because Plaintiff has introduced sufficient evidence to create a genuine issue of

23  material fact.  The Court ORDERS Defendants to advise the Court in writing within ten (10)

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 5

1   days of the date of this order whether Defendants' remaining counterclaim concerning the

2   existence of an applicable policy is now moot and judgment should be entered, or whether the

3   case will proceed to trial on the remaining counterclaim.

4

5        The clerk is ordered to provide copies of this order to all counsel.

6

7        Dated this 8th day of December, 2015.

8

9

10                                        Marsha J. Pechman
                                          Chief United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 6